MICHAEL W. FOSTER (State Bar No. 127691)
DAVID J. CARDIFF (State Bar No. 184246)
EMILY R. EPSTEIN (State Bar No. 215654)
FOSTER EMPLOYMENT LAW
3000 LAKESHORE AVENUE
OAKLAND, CALIFORNIA 94610
TELEPHONE: (510) 763-1900
FACSIMILE: (510) 763-5952

Attorneys for Defendant
LEVI STRAUSS & CO.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JAY SHUMAN,<br>Plaintiff,<br>vs.<br>LEVI STRAUSS & CO.,<br>Defendant. | Case No. CV-09-0003 WHA<br><br>Date Action Filed: January 2, 2009<br><br>**STIPULATION AND [PROPOSED]<br>ORDER OF DISMISSAL, SUBJECT TO<br>REFILING OF CLAIMS IN STATE<br>COURT** |

THE PARTIES, BY AND THROUGH THEIR ATTORNEYS OF RECORD, HEREBY STIPULATE AS FOLLOWS:

WHEREAS, on or about June 23, 2008, plaintiff filed a state court lawsuit alleging state court claims relating to his employment with defendant and the termination of said employment, County of San Francisco Case No. CGC-08-476646 (the "State Case"); and

WHEREAS, on or about January 2, 2009, plaintiff filed the instant action in federal court, alleging a federal cause of action under the Americans with Disabilities Act ("ADA") relating to the

1

**STIPULATION AND [PROPOSED] ORDER OF DISMISSAL, SUBJECT TO REFILING OF CLAIMS IN STATE COURT (CV-09-0003 WHA)**

same issues and decisions regarding his employment with defendant and the termination of said employment; and

WHEREAS, on or about April 30, 2009, the State Case, which had been removed by defendant, was remanded back to state court; and

WHEREAS, given the foregoing developments, the parties mutually desire to consolidate plaintiff's state and federal claims, as presently set forth in plaintiff's operative pleadings in federal and state courts, in a single forum, in San Francisco Superior Court; and

WHEREAS, in order to accomplish such consolidation, plaintiff agrees to voluntarily dismiss the instant federal action, and to amend the state court complaint so as to incorporate the federal claim he has pleaded in this action, subject to defendant's agreement, and this court's order, that by so doing plaintiff's ability to plead the federal claim in state court shall not be prejudiced or adversely affected in any way, that defendant will not oppose plaintiff's amendment of his state court pleading to add the federal claim presently pleaded in this action, and that, upon plaintiff filing the amended pleading in state court that is attached hereto as Exhibit "1," to add the federal claim presently pleaded in this action, defendant will waive, and agrees not to assert, the right to remove the state court action to federal court on grounds that the amended state court pleading that is attached hereto as Exhibit "1" creates federal question jurisdiction with respect to the state court action;

NOW THEREFORE, THE PARTIES STIPULATE AS FOLLOWS:

1. <u>Dismissal</u>. Plaintiff hereby voluntarily dismisses the instant action, subject to the following terms and conditions, and an order of this court approving the dismissal.

2. <u>Refiling/Amendment</u>. Plaintiff shall be permitted to amend the State Case to include the federal ADA claim alleged in this case by filing in state court the amended pleading that is attached hereto as Exhibit "1." Defendant shall not oppose the filing of such amended pleading and hereby waives any and all grounds for opposition to the filing of said amended pleading. Defendant agrees to execute a stipulation for the filing of said amended pleading.

3. <u>No prejudice to plaintiff</u>. Plaintiff's ability to plead his federal ADA claim shall not

2

**STIPULATION AND [PROPOSED] ORDER OF DISMISSAL, SUBJECT TO REFILING OF CLAIMS IN STATE COURT (CV-09-0003 WHA)**

be adversely effected in any way by the transfer of his federal claims to state court through this process. Defendant shall not assert untimeliness, statute of limitations, or any other ground that would not have existed had plaintiff originally filed his federal claim in state court, and defendant hereby waives any and all such grounds.

4. <u>No further removal.</u> Upon plaintiff's filing of the proposed amended pleading that is attached hereto as Exhibit "1" defendant stipulates that it will not remove to federal court, and that it is prohibited from so removing, the state court action on the grounds that the amended pleading that is attached hereto as Exhibit "1" creates federal question jurisdiction over the state court action. Defendant further stipulates that, if plaintiff's filing of an amended pleading in state court as agreed herein is limited to adding to the pending state court action the federal ADA claim that is presently pleaded in this action by the filing of the amended pleading that is attached hereto as Exhibit "1," defendant will not seek to remove the case on any grounds. By this agreement, defendant does not waive the right to seek removal based on any amendments to the pleadings other than those discussed herein, and should plaintiff attempt to amend his state court pleading to add any additional cause(s) of action(s) or to name additional defendant(s) that may confer federal jurisdiction over the matter, defendant reserves the right to timely seek removal of the action in response to such an amended pleading.

SO STIPULATED:

May 7, 2009        ROSS & MORRISON

By: _____
Gary B. Ross
Andrew D. Morrison
Attorneys for Plaintiff

May 7, 2009        FOSTER EMPLOYMENT LAW

By: _____
Michael W. Foster
David J. Cardiff
Attorneys for Defendant

3

STIPULATION AND [PROPOSED] ORDER OF DISMISSAL, SUBJECT TO REFILING OF CLAIMS IN STATE COURT (CV-09-0003 WHA)

ORDER

The Court, having reviewed the stipulation of the parties for dismissal of the action, hereby orders the case dismissed according to the terms of the stipulation set forth herein above.

IT IS SO ORDERED.

Dated: May 12, 2009          By: _____
                                  WILLIAM ALSUP
                                  UNITED STATES DISTRICT JUDGE

*IT IS SO ORDERED. /s/ Wm Alsup Judge William Alsup*

# EXHIBIT 1

to Stipulation

1 **ROSS & MORRISON**
Gary B. Ross (SBN 121691)
2 Andrew D. Morrison (SBN 144216)
315 S. Beverly Drive, Suite 410
3 Beverly Hills, CA 90212
Ph.: 310.285.0391; Fax: 310.285.6083
4 www.rossandmorrison.com

5 Attorneys for Plaintiff

6

7

8     SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        COUNTY OF SAN FRANCISCO

10 | JAY SHUMAN, | ) CASE NO. CGC-08-476646 |
|---|---|
11 |   Plaintiff, | ) SECOND AMENDED COMPLAINT: |
| v. | |
12 | | ) 1. VIOLATION OF FEHA: |
| LEVI STRAUSS & CO.; and DOES 1- | )   DISABILITY DISCRIMINATION; |
13 | 100, | )   FAILURE TO ACCOMMODATE; |
| | )   INTERACTIVE PROCESS |
14 |   Defendants. | ) 2. WRONGFUL TERMINATION |
| | ) 3. WRONGFUL DEMOTION |
15 | | ) 4. INTL. INFL. OF EM. DIST. |
| | ) 5. NEGL. INFL. OF EM. DIST. |
16 | _____ | ) 6. VIOLATION OF ADA |

17   Summary. This is an action for disability discrimination,
18 failure to accommodate and related claims. Plaintiff was
19 employed by Levi's for nearly 25 years, attaining Senior Account
20 Planner status. However, when plaintiff was diagnosed with
21 severe depression, Levi's failed to accommodate or support him,
22 resulting in a breakdown forcing him to take a leave of absence.
23 When plaintiff returned from leave, Levi's continued to refuse
24 accommodation, and instead summarily demoted plaintiff from his
25 Senior Account Planner status, and cut his compensation in half.
26 When plaintiff complained, defendant subjected him to a campaign
27 of retaliation, obstruction, punishment and false criticism;
28 culminating in his termination on or about June 24, 2008.

2d amended complaint.wpd

Plaintiff alleges:

## IDENTIFICATION OF PARTIES

1. <u>Plaintiff</u>. Plaintiff is an individual formerly residing in Knoxville, Tennessee.

2. <u>Defendant Levi's</u>. Defendant Levi Strauss & Co. ("Levi's") is a corporation, headquartered and with its principal place of business in San Francisco County, California.

3. <u>Doe defendants</u>. Defendants Doe 1-100 are named fictitiously. Plaintiff will amend to plead the names of such defendants when known. Each Doe defendant was responsible for the events and damages alleged herein, including, without limitation, on the following bases:

   a. At all relevant times, one or more of the defendant(s) was the agent or employee, and/or acted under the control or supervision of, one or more of the remaining defendants and, in doing the acts alleged, acted within the course and scope of such agency and employment, and/or is otherwise liable for plaintiff's damages; and/or

   b. At all relevant times there existed a unity of ownership and interest between two or more of the defendants, such that any individuality and separateness between said defendants has ceased, and defendants are the alter ego(s) of one another. The defendants exercised domination and control over one another, to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of separate existence of the defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice.

2d amended complaint.wpd

4. "Defendant." The named defendant(s) and Doe defendants are sometimes hereafter referred to (collectively and/or individually) as "defendant."

FACTS COMMON TO ALL CAUSES OF ACTION

5. Plaintiff's hiring. Plaintiff began work for defendant on or about September 12, 1983 in Menswear Sales, enjoying a successful career of well over 20 years, and attaining Senior Account Planner status.

6. Plaintiff's disability/leave. In or about Fall 2006, plaintiff was diagnosed as suffering a mental disability (severe depression), resulting in a breakdown forcing him to take a leave of absence in or about April 2007. Throughout this time defendant failed to accommodate plaintiff's mental disability.

7. Plaintiff's return/defendant's failure to accommodate. In or about August, 2007, when plaintiff returned from leave, Levi's continued to refuse accommodation, including without limitation adjusting plaintiff's work schedule, permitting plaintiff to work from home, providing support/staffing, and/or other accommodations.

8. Demotion. Instead defendant summarily demoted plaintiff from his Senior Account Planner position, and cut his compensation roughly in half.

9. Retaliation. When plaintiff complained, defendant engaged in a campaign of retaliation, obstruction, punishment and false criticism against plaintiff.

10. Termination. Defendant terminated plaintiff's employment, based on false and pretextual grounds, on or about June 24, 2008.

3
SECOND AMENDED COMPLAINT
2d amended complaint.wpd

11. <u>Motivating factor</u>. Plaintiff's disability, request for accommodation, and/or other protected characteristic(s) were motivating factor(s) in defendant's job action(s) against him.

12. <u>Economic damages</u>. As a consequence of defendant's conduct, plaintiff has suffered and will suffer harm, including, without limitation, lost past and future income and employment benefits; and damage to career, in a sum to be proven at trial.

13. <u>Non-Economic damages</u>. As a consequence of defendant's conduct, plaintiff has suffered and will suffer psychological and emotional distress, including physical symptoms, in a sum to be proven at trial.

14. <u>Punitive damages</u>. Defendant is guilty of oppression, fraud or malice under California Civil Code Section 3294, so as to entitle plaintiff to an award of exemplary/punitive damages.

15. <u>Exhaustion of administrative remedies</u>. Prior to filing this action, plaintiff exhausted administrative remedies, by timely filing administrative complaints with the Department of Fair Employment and Housing and the Equal Employment Opportunity Commission.

## FIRST CAUSE OF ACTION

Violation of FEHA, Cal. Govt. Code §§ 12900 et seq.

Against All Defendants

16. Paragraphs 1-15 are incorporated.

17. Plaintiff's disability and/or request for accommodation were motivating factors in defendant's decisions to terminate plaintiff, demote plaintiff, reduce his pay, refusal to accommodate, and/or taking other adverse job action(s) against plaintiff.

18. Defendant's conduct, as alleged, violated the California Fair Employment and Housing Act, Cal. Govt. Code §§ 12900, et seq. ("FEHA") and defendant committed unlawful employment practice(s), including, without limitation, by the following, separate bases for liability:

    a. Terminating, barring, discharging, refusing to transfer, retain, hire, select, train, and/or employ; and/or otherwise discriminating against plaintiff, based, in whole or in part, on his mental disability or other protected characteristic, in violation of Cal. Govt. Code § 12940(a).

    b. Failing to accommodate plaintiff's disability, including, without limitation, by failure to modify plaintiff's work conditions/schedule; or other reasonable accommodation(s), in violation of Cal. Govt. Code § 12940(m).

    c. Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Cal. Govt. Code § 12940(n).

    d. Failing to take all reasonable steps to prevent discrimination, in violation of Cal. Govt. Code § 12940(k).

    e. Harassing plaintiff based on his mental disability, in violation of Cal. Govt. Code § 12940(j).

    f. Retaliating against plaintiff for seeking to

```
                    exercise rights guaranteed under the FEHA,
                    including right of reasonable accommodation,
                    interactive process, and requesting leave, in
                    violation of Cal. Govt. Code § 12940(h).
              g.    Failing to provide plaintiff with requisite
                    statutory leave; violating notice and/or other
                    procedural requisites of leave; and/or retaliating
                    against plaintiff for taking leave, in violation
                    of Cal. Govt. Code § 12945.2.
```

## SECOND CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy
### Against All Defendants

19. Paragraphs 1-18 are incorporated.

20. Public policy of the State of California (as evinced, inter alia, in the FEHA) prohibits job discrimination on the basis of an employee's disability, request for accommodation, interactive process, and/or taking leave; and prohibits retaliation against employees who exercise such rights.

21. Defendant's termination of plaintiff's employment violated said policy(ies) of the State of California.

## THIRD CAUSE OF ACTION
### Wrongful Demotion in Violation of Public Policy
### Against All Defendants

22. Paragraphs 1-21 are incorporated.

23. Public policy of the State of California (as evinced, inter alia, in the FEHA) prohibits job discrimination on the basis of an employee's disability, request for accommodation, interactive process, and/or taking leave; and prohibits

retaliation against employees who exercise such rights.

24. Defendant's demotion of plaintiff, and/or other adverse job action(s) against him, violated said policy(ies) of the State of California.

## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### Against All Defendants

25. Paragraphs 1-24 are incorporated.

26. Defendant was aware that treating plaintiff in the manner alleged above, including depriving and/or substantial impairing his livelihood, while treating/recuperating from severe depression, would devastate plaintiff and cause extreme hardship and aggravate his emotional condition.

27. Defendant's conduct, as described above, was extreme and outrageous and was done with the intent of, and effect of, causing plaintiff to suffer emotional distress.

## FIFTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### Against All Defendants

28. Paragraphs 1-27 are incorporated.

29. In the alternative, defendant's conduct, as alleged above, was done in a careless or negligent manner, without consideration for the effect such conduct would have upon plaintiff's person, including upon plaintiff's emotional/physical well-being.

/ / /
/ / /
/ / /

---
7
SECOND AMENDED COMPLAINT
2d amended complaint.wpd

SIXTH CAUSE OF ACTION

Violation of the ADA, 42 U.S.C. § 12101, et seq.

Against All Defendants

30. Paragraphs 1-29 are incorporated.

31. Plaintiff is a qualified individual with a disability as defined in 42 U.S.C. § 12111(8).

32. Defendant is a covered entity/employer as defined in 42 U.S.C. § 12111(5).

33. Plaintiff's disability and/or request for accommodation were motivating factors in defendant's decisions to terminate plaintiff, demote plaintiff, reduce his pay, refusal to accommodate, and/or taking other adverse job action(s) against plaintiff, constituting discrimination as defined in 42 U.S.C. § 12112.

34. Defendant's conduct, as alleged, violated the ADA including, without limitation, by the following, separate bases for liability:

    a. Terminating, barring, discharging, refusing to transfer, retain, hire, select, train, and/or employ; and/or otherwise discriminating against plaintiff, based, in whole or in part, on his mental disability or other protected characteristic, in violation of the ADA.

    b. Failing to accommodate plaintiff's disability, including, without limitation, by failure to modify plaintiff's work conditions/schedule; or other reasonable accommodation(s), in violation of the ADA.

8

SECOND AMENDED COMPLAINT

2d amended complaint.wpd

```
 1            c.   Harassing plaintiff based on his mental
 2                 disability, in violation of the ADA.
 3            d.   Retaliating against plaintiff for seeking to
 4                 exercise rights guaranteed under the ADA,
 5                 including right of reasonable accommodation in
 6                 violation of 42 U.S.C. § 12203.
```

                                PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

1. For compensatory economic and non-economic damages, in an amount to be proven at trial;

2. For punitive damages, according to proof;

3. For prejudgment interest;

4. For injunctive relief against defendants;

5. For costs of suit, including reasonable attorneys' fees;

6. For such other relief the Court deems proper.

May 7, 2009                    ROSS & MORRISON


                               By: _____
                                   Gary B. Ross
                                   Andrew D. Morrison
                                   Attorneys for Plaintiff